# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOHN W. DARRAH | Sitting Judge if Other than Assigned Judge | Darrah |
|---|---|---|---|
| CASE NUMBER | 12 C 7534 | DATE | 11-1-12 |
| CASE TITLE | U.S. ex rel. Santos Contreras Lopez (#2012-0613152) vs. Cook County Sheriff, et al. | | |

**DOCKET ENTRY TEXT:**

The clerk is directed to refund $350.00 to Jose Lopez-Bey, who paid the statutory filing fee applicable to general civil actions rather than the $5.00 fee associated with habeas cases. The petitioner is ordered to: (1) either pay the $5.00 filing fee or file an application to proceed *in forma pauperis* and (2) show good cause in writing why his habeas petition should not be dismissed for failure to exhaust state court remedies prior to seeking federal habeas relief. Failure of the petitioner to comply within thirty days will result in summary dismissal of this case pursuant to the *Younger* abstention doctrine, as well as pursuant to 28 U.S.C. §§ 2241(c) and 2243. The petitioner is advised that he must provide the court with the original plus a judge's copy of every document filed. The clerk is directed to forward a copy of this order to the court's Fiscal Department. The refund should be mailed to Jose Lopez-Bey / 4424 S. Kedvale / Chicago, Illinois 60632.

■ [For further details see text below.]      Docketing to mail notices.

## STATEMENT

The petitioner, a detainee in the custody of the Cook County Department of Corrections, has filed a *pro se* petition for a writ of habeas corpus. The petitioner appears to claim that he is being illegally held because as a Moorish American, he has diplomatic immunity.

The petitioner paid the statutory filing fee of $350.00 applicable to general civil cases. However, the fee for bringing a habeas corpus action is only $5.00. The court's Fiscal Department is accordingly directed to refund the $350.00 paid by Jose Lopez-Bey. Due to accounting rules, the clerk is unable simply to refund the difference; the petitioner is therefore ordered either to pay the $5.00 filing fee or submit an application for leave to proceed *in forma pauperis*.

Irrespective of payment of the filing fee, the court discerns no basis for relief. Although federal district courts have jurisdiction over pretrial habeas petitions, they grant such relief only sparingly. *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979). "[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973). Furthermore, while

**(CONTINUED)**

     mjm

applicants for habeas relief under Section 2241 are not subject to the statutory requirement of exhaustion of remedies, "federal courts nevertheless may require, as a matter of comity, that such detainees exhaust all avenues of state relief before seeking the writ." *United States v. Castor*, 937 F.2d 293, 296-97 (7th Cir. 1991); *Braden*, 410 U.S. at 489-92. The exhaustion doctrine requires a petitioner to use available state procedures to pursue his or her claim before seeking federal habeas corpus relief, "thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2005) (citations omitted).

To provide the State with the necessary "opportunity," the prisoner must "fairly present" his or her claim at each level of review in the state court system (including a state supreme court with powers of discretionary review) so that the state courts are alerted to the federal nature of the claim. *Id.* In most cases, courts will not consider claims that can be raised at trial and in subsequent state proceedings. Here, there is no evidence that the petitioner has exhausted state court remedies; he left that portion of his habeas petition blank. If the petitioner has not exhausted state court remedies, his federal habeas petition is not ripe for review.

Furthermore, irrespective of concerns of exhaustion, it should be noted that federal courts are largely prohibited from interfering in pending state criminal proceedings, in deference to principles of equity, comity, and federalism. *See Younger v. Harris*, 401 U.S. 37, 53 (1971); *Dombrowski v. Pfister*, 380 U.S. 479 (1965); *Village of Depue, Illinois v. Exxcon Mobile Corp.*, 537 F.3d 775, 783 (7th Cir. 2008). This case appears to meet the criteria for *Younger* abstention, *see* factors set forth in *Barichello v. McDonald*, 98 F.3d 948, 955 (7th Cir. 1996), and the court is not satisfied that "extraordinary" circumstances exist, such as official bad faith or harassment involved in the enforcement of state laws, so as to justify an exception to the abstention rule. *Younger*, 401 U.S. at 4; *Arkebauerv. Kiley*, 985 F.2d 1351, 1358 (7th Cir. 1993). Under the facts of this case, the district court discerns no basis for intervening in ongoing state criminal proceedings.

Even if the petitioner is a post-trial, pre-sentence inmate, this suit would still be premature. The petitioner seems to indicate that he was convicted on September 18, 2012; he signed his initiating documents only two days later. A review of the Cook County Department of Corrections website confirms that the petitioner is still being held there. As he remains at the jail, he is either mistaken as to his status or has not yet been sentenced. In either event, the petitioner could not have exhausted state court remedies in so short a time period.

For the foregoing reasons, the petitioner is ordered to show good cause in writing why the petition for a writ of habeas corpus should not be denied pursuant to 28 U.S.C. §§ 2241(c) and 2243 for failure to exhaust state court remedies as well as pursuant to *Younger, supra*. Failure to show cause within thirty days will result in summary dismissal of this case.

The petitioner is cautioned to perform some basic legal research prior to proceeding with this case. State prisoners generally have only one chance to seek federal habeas review. *See* 28 U.S.C. § 2244. The petitioner will not likely prevail on his claim that Moorish Americans are somehow exempt from criminal process. *See, e.g.,*
**(CONTINUED)**

*Sanders–Bey v. United States*, 267 F. App'x 464, 466 (7th Cir. 2008); *Abdullah v. New Jersey*, 2012 WL 2916738 (D.N.J. 2012) (collecting cases); *El–Bey v. City of Charlotte*, 2011 WL 4757653, *5-6 (W.D.N.C. 2011) (likewise collecting cases); *Bey v. Rose*, 2010 WL 276180 (E.D.N.Y. 2010). The courts have overwhelmingly and uniformly rejected the arguments advanced in this petition.

**The petitioner is advised that he is required to provide the court with the original plus a judge's copy of every document filed.** The petitioner is also urged to write in plain English, using complete sentences. The court does not want or expect the petitioner to write like a lawyer. Using "legalese" will only serve to make the petitioner's court filings incomprehensible.

Finally, the petitioner and "Grand Sheik Maral Walton-El" are cautioned that either the petitioner or his attorney must sign every document filed. The court does not find Mr. Walton-El in the lawyer listings on the Illinois Registration and Disciplinary Commission's website. Another judge of this court previously advised Mr. Walton-El that a non-lawyer cannot represent another individual. *See Sotelo v. Gaughan*, Case No. 11 C 3314 (N.D. Ill.), Minute Order of May 24, 2011 (Gettleman, J.) (citing *Nocula v. UGS Corp.*, 520 F.3d 719, 725 (7th Cir. 2008) ("one *pro se* litigant cannot represent another"); *Lewis v. Lenc-Smith Mfr. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (per curiam); 28 U.S.C. § 1654). If Mr. Walton-El is not a licensed attorney, he may not sign documents for Mr. Lopez. *See* Fed. R. Civ. P. 11(a). Furthermore, if Mr. Walton-El is acting as an unlicensed lawyer, he may be subject to criminal prosecution.